Good morning and may it please the court. If I could ask the court's indulgence for just a moment, I'd like to open with a few very brief remarks. The Patent Trial and Appeal Board should be reversed because it did not properly analyze the dividing steps, apportioning rules, and sliding time ranges. In fact, no such analysis is found in the Board's decision. Had there been a proper analysis, the Board would have identified a meaningful limitation to the dividing step, namely that the apportioning rules move with the sliding time ranges. 44 and 45 of the blue brief. You say that Claim 1's dividing and assigning steps are an improvement in the field of patient scheduling, that they provide meaningful limitations distinct from judicial exception precedent, and that they are not abstract, therefore, under Alice Step 1. Now, did you raise that argument below? And if so, where is it in the record? Where is the abstract argument about the dividing step and the assigning step? That would be page 207 of the record in our brief before the Patent Trial and Appeal Board. And I believe that carries over onto page 209. 207 and 208. So when the claims are considered as a whole, they are not abstract at all. They are directed to a meaningfully limited scheduling method, and we refer then a few lines down to the assigning an appointment to a patient based on average patient scores and time ranges that can accept only a limited number of patients. Dividing and assigning steps. That's the dividing and the assigning steps. That's what that's referring to, yes. Okay. So is this something more than triage? It is quite a bit more than triage. You look at patients and you divide them up into buckets according to how urgent the need is, and that may depend on multiple factors. And that goes to the scoring steps, which we're not arguing today. We're really focused on the dividing and the assigning steps, particularly the dividing step when it comes to the abstractness argument. So the sliding time range that's defined in the dividing step, that is a time range measured relative to the present. So the present is always advancing, therefore the time range is always advancing. That time range is associated with a set of scheduling rules. That is what we believe confines the claim to a practical application. It's very specific, non-preemptive, and therefore we believe not abstract, and should also serve as something more in step two. Isn't that what the person sitting in front of the doctor's office does? It is not impossible, I suppose, for a human being to practice the claimed method. It would be extraordinarily cumbersome and, as a practical matter, probably not realistic. That person would have to keep in mind... Why do people come rushing into the doctor's office and one's bleeding profusely from a head wound and the others aren't? Right, well, so this sliding time range associated with apportioning rules refers more to the possibility of having varying rules applying to different time slots in a physician's schedule. So, for instance, if the doctor has an unfilled time slot 60 days out, he can be very selective. And as that time slot moves in toward the present time, the rules associated with that time slot can change and can be much less... Sure, somebody calls and says, I'd like my physical. And the receptionist person says, well, I can give you one 60 days out. And then, as the 60 days approaches, the virus, the current virus, de jure hits and they say, sorry, you can't come in for your physical. What's the difference? Well, the difference... In that scenario, you've got the rules associated with a human being and there are rules associated with a time slot that have changed, evidently. This defines a time range that automatically moves forward and automatically associates different scheduling rules with different time slots as time advances. So it's handled, it's automated for the human schedule. I'm not familiar with that case, Your Honor. It's an engineering method that has existed for a long time and it allows various parts of a complex procedure to all arrive at the same place at the same time. And it can be used on a computer as a program, but it's also done by hand. It seems to me that there's some important differences there. I didn't hear in that description. Again, I apologize, I'm not familiar with PERT. It was used by the Army to mobilize military units across the country and see to it that they all got to the ship at the same time for shipping over to Kuwait. And the tanks came from one place and so on. Right. And it seems like a very complex logistical problem, but it also seems distinct from a scheduling problem. Why? They call the tank gunners a week before they're supposed to report in and they have the tanks prepped up 60 days before. It's exactly that. It's a scheduling problem. It is a kind of scheduling problem, but it's a different kind of scheduling problem. What I didn't hear in the description is a time range measured relative to the present time that advances and is associated with apportioning roles. We're going to invade Kuwait. All right. That's your time range. That's my time range. Yeah, all the divisions want to get there at the same time. Okay. So as that time range advances, we would have to have apportioning roles that allow for changes in how those apportioning roles apply to different time slots. Sure. Which is why I get my orders to report to the 24th Infantry Division because I'm a National Guard JAG and their JAG field is physical. Well, Your Honor, I apologize. I'm not familiar with that method, but there is nothing in the record that's been raised. No. We're talking about standard business practices that people do with pencil and paper. Again, there's nothing in the record that establishes that. So I can't say that this is prior art. I understand. I'm not saying it's prior art. I'm saying that it's a standard practice of industry. What about the prior art piece of this appeal, the VCARO? Why is the Board wrong about that? Put aside the 101. Sure. So VCARO does not teach a step of assigning. Neither does CHOO for that matter. Both are concerned with fundamentally different problems in assigning an appointment. You have, on the one hand, VCARO that is a percolator system that assigns outreach responsibilities to staff so that they can be certain that patients are being properly served. And the closest that VCARO comes to actually even mentioning an appointment is its output. The output of its method is essentially a to-do list for staff so that they know who to reach out to and the basic types of problems and why they should reach out to that person. And the outreach can be face-to-face. So at most, VCARO discloses in a very gross sense the notion of an appointment. It does not disclose a step and especially does not disclose the step of assigning an appointment to a patient without violating a portion of the rule associated with the dividing step. Those two steps have to be read together. They are intimately related to one another. The step of assigning even uses the exact same language referring to the apportioning rules as the dividing step. They are referring to the same rules. In order to violate or not violate a rule of the dividing step, it has to be associated with a sliding time range, which, again, is absent from VCARO and CHUCO. I see that I'm into my rebuttal time and there are no other questions. Do you have a reservation? You've come closer than anybody else today. The government has something to say. Good morning. Is this yours? No. Okay. Okay. Read it. It might be the secret to the case. Good morning, Your Honors, or good afternoon, Your Honors. May it please the Court. The Board here properly affirmed the Board, both on obviousness over the prior art and eligibility under Section 101. Affirmance of either ground of rejection will dispose of the appeal, but here we believe that both grounds are sound. So I will turn first to 103 and the VCARO reference. I thought that in the motion that Wiley filed with the Court that they were and had revised their brief accordingly. But regardless, the principal argument that Wiley is making is that VCARO is not teaching a signing an appointment. The Board relied on that assigning step, VCARO, for that. It seems that Wiley is referring to paragraph 57. What the Board relied on was paragraph 17, and what 17 of VCARO teaches is quite clear. They discuss basically varying the type and the frequency of outreach based on whether it's a high acuity or low acuity patient. And so they discuss in terms of types of outreach. They talk about face-to-face encounter. They talk about telephone communication. And in terms of the frequency, they discuss for the higher levels, they talk about multiple or frequent outreach in a short period of time. And for the lower acuity, they discuss a less intense outreach schedule. So this combination of discussing schedules and discussing for patients with face-to-face communication or telephonic communication is what the Board relied on as effectively teaching assigning appointments. It then returned to Chu for the rules. You can take it. We read it. What's that? I say you can take it that we read it. Okay. But he was discussing Chu and talking about Chu not teaching it, and it's actually the combination is what the Board relied on. Turning to eligibility, it's very clear here what the Board was correctly, saw this method as simply generally directed to scheduling patients based on This is nothing more than a method of organizing human activity. In fact, there is not even any computer limitations in the claim. So the Board properly saw this as simply something that could be done with pencil and paper or, as you described in the military setting, this type of thing that is just simply organizing human activity. It's an abstract idea. There is nothing additional in the claim that would transform it into something that's patent eligible. If the Court does not have any additional questions, I'm happy to concede the remainder of my time. Thank you so much. I'll be very brief, but my colleague mentioned that Chu teaches the step of the signing and also that the fact that the claim includes certain abstract ideas like a method of organizing human activity, that that should be fatal. We disagree. I think that Alice is clear that you can have an abstract idea in the claims and still have something more. In this case, we think the something more is the dividing step with sliding time ranges and associated apportioning rules. With respect to Chu, we again contend that Chu does not teach the step of assigning an appointment to a patient without violating apportioning rules. It can't be found in Chu. I searched. It's not there. I would challenge the Court to do the same. Thank you. The matter will stand submitted.